PER CURIAM.
W.B.N. ("Appellant") appeals the decision of the trial court denying his petition to set aside the affidavit of paternity that established he was the natural father of A.M.N. ("Child") and to grant him relief from the existing child support order. In his petition, Appellant claimed that he should be granted relief because he only signed the affidavit of paternity and consented to the default child support order because Child's mother, C.M. ("Mother") fraudulently represented that Appellant was the only possible father. Despite DNA tests revealing a zero percent probability that Appellant was Child's biological father, the trial court found Appellant was not entitled to relief because he had failed to show Mother committed extrinsic fraud and, even if Mother did commit extrinsic fraud, Appellant was not entitled to relief because he was not free from neglect or fault.
Appellant offers three points on appeal. In Point I, Appellant argues that the trial court erred in that it misapplied the law by requiring Appellant to demonstrate that *752 Mother committed extrinsic fraud, as opposed to fraud generally, and that Appellant had proven by clear and convincing evidence that there was a material mistake of fact. In Point II, Appellant claims that the trial court erred in concluding that Appellant failed to show Mother committed extrinsic fraud. And in Point III, Appellant asserts that the trial court erred in finding that his request for relief under Rule 74.06(d) was time-barred. We affirm the trial court's judgment.
No jurisprudential purpose would be served by a written opinion. However, we have provided the parties a memorandum setting forth the reasons for our decision. The judgment of the trial court is affirmed under Rule 84.16(b).